```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                    Case No. 19-00443-RNO
Patricia Lynn Weiss                                       Chapter 13
Thomas Barry Weiss
        Debtors

# CERTIFICATE OF NOTICE

```
District/off: 0314-5        User: TWilson        Page 1 of 1         Date Rcvd: Apr 04, 2019
                            Form ID: pdf002      Total Noticed: 19
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 06, 2019.

```
db/jdb      Patricia Lynn Weiss,   Thomas Barry Weiss,   222 Weiss Rd,   Stroudsburg, PA  18360-6973
5157668     Caffese Law Firm,   803 Main St,   Stroudsburg, PA  18360-1601
5157671     Freedom Mortgage Corporation,   Attn: Bankruptcy,   PO Box 50428,
            Indianapolis, IN  46250-0401
5157675     Santander Consumer USA,   Attn: Bankruptcy,   PO Box 961245,   Fort Worth, TX  76161-0244
5164092    +Santander Consumer USA, Inc.,   P.O. Box 560284,   Dallas, TX 75356-0284
5159129    +U.S. Department of Housing and Urban Development,   451 7th Street S.W.,
            Washington, DC 20410-0002
5157666     Weiss Patricia Lynn,   222 Weiss Rd,   Stroudsburg, PA  18360-6973
5157667     Weiss Thomas Barry,   222 Weiss Rd,   Stroudsburg, PA  18360-6973
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5176466     E-mail/Text: ally@ebn.phinsolutions.com Apr 04 2019 19:24:38      Ally Bank,   PO Box 130424,
            Roseville, MN 55113-0004
5157669     E-mail/Text: ally@ebn.phinsolutions.com Apr 04 2019 19:24:38      Ally Financial,
            Attn: Bankruptcy Dept,   PO Box 380901,   Bloomington, MN  55438-0901
5157670     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 04 2019 19:26:01      Capital One,
            Attn: Bankruptcy,   PO Box 30285,   Salt Lake City, UT  84130-0285
5165276    +E-mail/PDF: cbp@onemainfinancial.com Apr 04 2019 19:26:37      OneMain,   PO Box 3251,
            Evansville, IN 47731-3251
5157672     E-mail/PDF: cbp@onemainfinancial.com Apr 04 2019 19:26:17      Onemain Financial,
            Attn: Bankruptcy,   601 NW 2nd St,   Evansville, IN 47708-1013
5157673     E-mail/Text: bankruptcynotices@psecu.com Apr 04 2019 19:25:17      P S E C U,
            Attention: Bankruptcy,   PO Box 67013,   Harrisburg, PA  17106-7013
5158086    +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 04 2019 19:26:41
            PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5168074    +E-mail/Text: bankruptcynotices@psecu.com Apr 04 2019 19:25:17      PSECU,   PO BOX 67013,
            HARRISBURG, PA 17106-7013
5157674     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 04 2019 19:26:22
            Portfolio Recovery,   PO Box 41021,   Norfolk, VA  23541-1021
5181672     E-mail/Text: bnc-quantum@quantum3group.com Apr 04 2019 19:24:54
            Quantum3 Group LLC as agent for,   Bluestem and SCUSA,   PO Box 788,
            Kirkland, WA  98083-0788
5157676     E-mail/PDF: gecsedi@recoverycorp.com Apr 04 2019 19:26:19      Synchrony Bank/Lowes,
            Attn: Bankruptcy Dept,   PO Box 965060,   Orlando, FL  32896-5060
                                                                              TOTAL: 11
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*        +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                  TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2019                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 4, 2019 at the address(es) listed below:
            Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
            James Warmbrodt    on behalf of Creditor   FREEDOM MORTGAGE CORPORATION bkgroup@kmllawgroup.com
            John Robert Caffese    on behalf of Debtor 2 Thomas Barry Weiss ecf@jrcfirm.com,   kevin@jrcfirm.com
            John Robert Caffese    on behalf of Debtor 1 Patricia Lynn Weiss ecf@jrcfirm.com,
            kevin@jrcfirm.com
            United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                              TOTAL: 5
```

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Weiss, Patricia Lynn**
**Weiss, Thomas Barry**

CHAPTER 13
CASE NO.

**[X]** ORIGINAL PLAN
**[ ]** AMENDED PLAN
      (Indicate 1st, 2nd, 3rd, etc.):
**[ ]** Number of Motions to Avoid Liens
**[ ]** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES
Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | **[ ]** Included | **[X]** Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | **[ ]** Included | **[X]** Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | **[ ]** Included | **[X]** Not included |

### YOUR RIGHTS WILL BE AFFECTED
READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.     **PLAN FUNDING AND LENGTH OF PLAN**

    **A. Plan Payments From Future Income**

        1.     To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the

Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ **16,288.20**, plus other payments and property stated in§ 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payments | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **1** | **60** | | | **271.47** | **16,288.20** |
| | | | | Total Payments: | **16,288.20** |

2.      If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3.      Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4.      CHECK ONE:      **[X]** Debtor is at or under median income*If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*
**[ ]** Debtor is over median income. Debtor estimates that a minimum of $ **0.00** must be paid to allowed unsecured, creditors in order to comply with the Means Test.

**B.   Additional Plan Funding From Liquidation of Assets/Other**

1.      The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

[  ] No assets will be liquidated.*If this line is checked, the rest of § 1.B need not be completed or reproduced.*
[  ] Certain assets will be liquidated as follows:

2.      In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3.      Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2.     SECURED CLAIMS**

**A.   Pre-Confirmation Distributions**Check one.*

2

[X] None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

[ ] None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

[X] Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ally Financial | 2016 Chevrolet Silverado K15 4WD Silverado K15 4WD | 13 |
| Freedom Mortgage Corporation | 222 Weiss Rd, Stroudsburg, PA 18360-6973 | 13 |
| Santander Consumer USA | 2018 Subaru Impreza 4-Door | 13 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

[ ] None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

[X] The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Freedom Mortgage Corporation | 222 Weiss Rd, Stroudsburg, PA 18360-6973 | 12,000.00 | | 11,879.40 |

**D. Other secured claims (conduit payments and claims for which § 506 valuation is not applicable, etc.).**

[X] None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

**[X]** None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.** <u>**Surrender of Collateral**</u> *Check one.*

**[X]** None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.** <u>**Lien Avoidance**</u>. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

**[X]** None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS**

A. <u>**Administrative Claims**</u>

    1. <u>Trustee fees</u>.    Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney fees</u> Complete only one of the following options:

        a.    In addition to the retainer of $**1,057.00** already paid by the Debtor, the amount of $ **2,943.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

**[X]** None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B.** <u>**Priority Claims (including, certian Domestic Support Obligations**</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| None | |

**C.** <u>**Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).**</u> *Check one of the following two lines.*

**[X]** None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.** **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check one of the following two lines.*

      **[X]** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.**     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    **[X]** None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.**     **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    **[X]**     plan confirmation.
    **[ ]**     entry of discharge.
    **[ ]**     closing of case:

**7.**     **DISCHARGE: (Check one)**

    **[X]** The debtor will seek a discharge pursuant to § 1328(a).
    **[ ]** The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.**     **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1:  **Adequate protection payments**
Level 2:  **Debtor's attorney's fees**
Level 3:  **Domestic Support Obligations**
Level 4:  **Priority Claims, pro rata**
Level 5:  **Secured claims, pro rata**
Level 6:  **Specially classified unsecured claims**
Level 7:  **General unsecured claims**
Level 8:  **Untimely filed unsecured claims to which the debtor has not objected**

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

5

Level 1:  Adequate protection payments.
Level 2:  Debtor's attorney's fees.
Level 3:  Domestic Support Obligations.
Level 4:  Priority claims, pro rata.
Level 5:  Secured claims, pro rata.
Level 6:  Specially classified unsecured claims.
Level 7:  Timely filed general unsecured claims.
Level 8:  Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **January 31, 2019**

*/s/ John R. Caffese*
Attorney for Debtor
*/s/ Patricia Lynn Weiss*
Debtor
*/s/ Thomas Barry Weiss*
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6